IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO. 5:13-CV-00001-RLV-DCK

| | |
|---|---|
| **CHRISTINE DUKES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF DEFENDANT'S** |
| **NEWTON CONOVER CITY** ) | **PRE-ANSWER MOTIONS TO** |
| **SCHOOLS,** ) | **DISMISS** |
| ) | |
| **Defendant.** ) | |
| ) | |

**NOW COMES** Defendant, **NEWTON-CONOVER CITYBOARD OF EDUCATION, on behalf of Newton Conover City Schools,** (hereinafter the "Board"), and files this Memorandum of Law in Support of its Pre-Answer Motions to Dismiss.

## SUMMARY

I.  This Court should grant the Board's Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has sued the "Newton Conover City Schools", which is not a legal entity that can be sued. In accordance with N.C.G.S. § 115C-40, the body corporate that operates and maintains the public schools within the cities of Newton and Conover, North Carolina is the "Newton-Conover City Board of

Education." Therefore, the Plaintiff has not asserted jurisdiction over the appropriate defendant and has failed to state a claim for which relief may be granted.

II. This Court should grant the Board's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff did not serve its summons within sixty (60) days of issuance as required by North Carolina Rule 4(c).

III. This Court should grant the Board's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff has failed to properly serve a valid summons on the Board and has failed to serve a valid summons and complaint upon the appropriate representative of the Defendant in accordance with Rule 4 of the North Carolina Rules of Civil Procedure.

## PROCEDURAL HISTORY

On September 18, 2012, Plaintiff moved to extend time to file her complaint against "Newton Conover City Schools" in Catawba County Superior Court in accordance with Rule 3 of the North Carolina Rules of Civil Procedure. (See Exhibit 1, p. 4). On September 19, 2012, the Catawba County Clerk entered its order allowing Plaintiff until October 9, 2012 to file her complaint and, in addition, on September 19, 2012, the Court issued a summons to "Newton Conover City

Schools." (Doc. 1-1, p. 4).On October 9, 2012, Plaintiff filed her complaint against "Newton Conover City Schools". (Doc. 1-1, p. 1)

On December 4, 2012, more than two months after the issuance of the summons, a Board employee received a United Parcel Service (or "UPS") package which contained the summons and complaint. (See Exhibit 1, pp. 6-10). The UPS package was addressed to "Dr. Barry Redmond, Superintendent" (See Exhibit 1, p. 3); however, UPS did not deliver the package to Dr. Redmond. (See Exhibit 2).

Plaintiff's action "is an action seeking legal and equitable relief under the Age Discrimination in Employment Act of 1967...." (Doc. 1-1, p.1). As Plaintiff's complaint invokes a federal question of 29 U.S.C. § 621, the Board moved for removal to federal court pursuant to 28 U.S.C. § 1331 on January 8, 2013. (Doc 1). On January 16, 2013, the Board answered Plaintiff's complaint; within its answer, the Board preserved motions to dismiss pursuant to Rule 12 of the Federal Rules of Procedure. (Doc. 2).

## ARGUMENT

**I. This Court should grant the Board's Motion to Dismiss because the legal entity identified in the Complaint does not exist and deprives this Court of any jurisdiction over the correct parties or parties so identified.**

Plaintiff's complaint against the Board should be dismissed because it is not a proper party to this action, as "Newton Conover City Schools" is not a legal entity subject to suit.

In North Carolina, "the board of education of each city administrative unit in the State shall be a body corporate by the name and style of 'The _____ City Board of Education.'" N.C. Gen. Stat. § 115C-40. The statute also provides that the local board of education has general control and supervision over all matters pertaining to the public schools and is charged with "prosecuting and defending suits for or against the corporation." *Id*.

Our courts have consistently granted a school board's motion to dismiss when a plaintiff failed to name the board by its official title. For instance, in *Hunter v. Wake County Bd. of Educ.*, 2008 WL 2695813 at *1, plaintiff filed suit against "Wake County Public Schools" and "Wake County Board of Education" alleging employment discrimination. The court granted defendant's motion to dismiss because "Wake County Public Schools is not a corporate entity subject to suit under North Carolina law."*Id. See also Miller v. Henderson,* 71 N.C. App. 366, 371, 322 S.E.2d 594, 598 (1984) (holding the plaintiff should have brought claims against the Beaufort County Board of Education as a corporate entity and not against individual board members); *see e.g. Pearson v. Charlotte-Mecklenburg Sch.*, 2013 WL 122115 (W.D.N.C. Jan. 8, 2013) (recommending dismissal of plaintiff's complaint against "Charlotte Mecklenburg Schools" because it is not a corporate entity subject to suit under North Carolina law).

Here, just like the plaintiff in *Hunter* and *Pearson*, Plaintiff did not name the board by its official title. "Newton Conover City Schools" is not a corporate or otherwise legal entity subject to suit under North Carolina law. The local board of education, rather, is the relevant corporate and legal entity. *Id*. Therefore, Plaintiff's Complaint should be dismissed.

**II.      This matter should be dismissed as Plaintiff's summons and complaint did not confer jurisdiction on the Board when they were served after the expiration of sixty (60) days.**

Pursuant to Rule 4(c) of the North Carolina Rules of Civil Procedure, a plaintiff is required to serve the summons on a defendant within sixty (60) days of issuance. N.C. R. Civ. P. Rule 4(c). Upon the expiration of the sixty days, the alias and pluries summons becomes dormant, and any service affected thereafter does not confer jurisdiction over the case upon the trial court. *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005). The action is discontinued unless, pursuant to Rule 4(d), a plaintiff secures an endorsement or secures another alias and pluries within ninety (90) days from the date of issuance. *Id*.

Here, the summons was issued on September 19, 2012.(Doc. 1-1, p.4). Plaintiff had until November 19, 2012 to serve the summons and complaint or secure an alias and pluries summons. Plaintiff did not serve the summons and complaint on the Board by November 19, 2012. (See Exhibits 1 and 2.) Plaintiff

has not secured an endorsement or an alias and pluries summons. Accordingly, on November 20, 2012, Plaintiff's summons and complaint became dormant, and any service thereafter did not confer jurisdiction. *Id*. Therefore, Plaintiff's action should be dismissed because she did not serve the Board within the sixty (60) day statutory time-frame.

**III. This matter should be dismissed as Plaintiff has failed to properly serve a valid summons on the Board and has failed to serve a valid summons and complaint in accordance with Rule 4 of the North Carolina Rules of Civil Procedure.**

A court is without jurisdiction to render a personal judgment against a defendant that plaintiff served through defective process. *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1136 (4th Cir. 1984) (citing *Huthinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982). When challenged, a plaintiff bears the burden of proving validity of service against a defendant. *Calder v. Stanly County Bd. of Educ.*, 2002 WL 31370364 (M.D.N.C. Sept. 26, 2002). Actual notice of suit does not excuse plain noncompliance with process requirements. *Id.* (citing *Way v. Brass Motors, Inc.*, 840 F.2d 303, 306 (5th Cir. 1988).

North Carolina allows for service of process upon any "county or city board of education" by depositing a copy of the summons and complaint with a designated delivery service pursuant to 26 U.S.C. § 7502(f)(2) "<u>addressed</u> to the officer, director, [or] agent..., <u>delivering to the addressee</u>, and obtaining a delivery receipt." N.C. R. Civ. P. Rule 4(j)(5)(c) (emphasis added). North Carolina law

{CS: 00015983.DOCX}    6
Case 5:13-cv-00001-DCK   Document 4   Filed 01/25/13   Page 6 of 11

requires strict compliance with Rule 4(j). *See e.g. Stanly County Bd. of Educ.*, 2002 WL 31370364 (M.D.N.C. Sept. 26, 2002).

Rule 4(j) allows service on a local board of education by serving the officer, director, agent or designated attorney-in-fact of the board of education and courts have routinely dismissed a plaintiff's complaint against a school board when the plaintiff failed to serve any of the individuals referenced in Rule 4(j).For instance, in *Faircloth v. Sampson County Sch.*, 2010 WL 5173601 (E.D.N.C. Dec. 10, 2010)the court dismissed the plaintiff's suit when the plaintiff served his complaint against the local board of education on an employee of the defendant board who was "not a member, officer, or director of the [Board] or the Board's superintendent or chief executive officer on the date of service."*Faircloth v. Sampson County Sch.*, 2010 WL 5173601 (E.D.N.C. Dec. 10, 2010).[1]

Courts have held that even when the summons is addressed properly, it still must be <u>*delivered to the addressee*</u> to effect proper service. For instance, in *Osman v. Reese*, 203 N.C. App. 373, 692 S.E.2d 488, (2010)[2], plaintiff properly addressed her summons and complaint to defendant at his place of work. *Osman*, *2. However, a co-worker of the defendant signed the receipt of service. *Id.* The defendant stated in his affidavit that the coworker was not an agent of the

---

[1]The complaint was served on Clara Tanner. Clara Tanner's exact position or affiliation with the Sampson County Schools is not identified in the opinion.

[2]Although an unpublished decision, the *Osman* decision has precedential value in the matter before this Court and there is no published decision, that Defendant has found, that addresses this particular issue so clearly. A copy of the opinion is attached as Exhibit 3.

defendant. *Id.* Accordingly, the trial court dismissed the action against the defendant based upon insufficiency of process. *Id.*

In upholding the trial court's decision, the appellate court noted that plaintiff's evidence, through an affidavit of service with return receipt, raised a rebuttable presumption of proper service. *Id*. *3. However, the affidavit of defendant's coworker was sufficient to rebut this presumption and support the trial court's findings of fact. *Id*. The appellate court also held that even though defendant had actual notice of the suit, actual notice alone, and without proper service, does not vest the court with personal jurisdiction over a defendant. *Id. See also Calder v. Stanly County Bd. of Educ.*, 2012 WL 31370364 (M.D.N.C. 2002) (dismissing plaintiff's complaint against superintendent based on insufficiency of process when plaintiff physically left summons and complaint with superintendent's secretary which was not his authorized agent).

Here, Plaintiff's summons and complaint was served on Susan Martin, an administrative assistant for the Newton-Conover City Board of Education. (See Exhibit 1, p.1 ¶ 2). Just like the recipient in *Sampson County Sch.*, Ms. Martin is "not a member, officer, or director of the [Board] or the Board's superintendent or chief executive officer on the date of service." *Sampson County Sch.*, *1 (see Exhibit 1 ¶¶ 4-6).

The fact that Plaintiff addressed the summons to Superintendent Redmond does not satisfy proper service either. Plaintiff elected to serve the Board via Rule 4(j)(5)(c), which requires her to serve the summons and complaint to the Board, or its authorized officer or agent, and to deliver to the specific agent in which the parcel is addressed. This requirement is similar to Rule 4(j)(1)(c), which was the method of service at issue in *Osman*. Like the summons and complaint in *Osman*, the summons and complaint in this matter was not <u>delivered to the addressee, Superintendent Redmond, and therefore was not properly served on the defendant.</u>(see Exhibit 2, ¶5). Instead, Plaintiff delivered the summons and complaint to an individual that was not an authorized agent of the Superintendent or of the Board. *See Stanly County Bd. of Educ.*, *3 (holding that superintendent's secretary was not authorized to accept service on behalf of superintendent). (See Exhibit 1).

## CONCLUSION

Plaintiff's complaint should be dismissed because Newton Conover City Schools is not a legal entity. In addition, Plaintiff's complaint should also be dismissed because she failed to serve the Board within sixty (60) days, or obtain the appropriate endorsement or alias and pluries summons.

Finally, based on the principles and holdings in *Sampson County Sch.*, *Osman*, and *Stanly County Bd. of Educ.*, Plaintiff's complaint against the Board

should be dismissed. Notwithstanding the fact that the summons is addressed to a non-legal entity, Plaintiff did not render service against the Board when UPS delivered the package to an administrative assistant. Ms. Martin is not authorized to accept service on behalf of the Superintendent, let alone the Board. Therefore, Plaintiff's Complaint should be dismissed in accordance with Rule 12(b)(2), (4), and (5).

This the 25th day of January 2013.

**CAMPBELL SHATLEY, PLLC**

 s/ K. Dean Shatley, II
K. Dean Shatley, II
NC State Bar No. 31782
Brian D. Elston
NC State Bar No. 39662
674 Merrimon Ave., Suite 210
Asheville, NC 28804
(828) 398-2775
(828) 398-2795 *fax*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing ***MEMORAN-DUM OF LAW IN SUPPORT OF DEFENDANT'S PRE-ANSWER MOTIONS TO DISMISS*** with the Clerk of Court using the CM/ECF systems which will automatically serve the following CM/ECF participants:

Geraldine Sumter
Ferguson, Stein, Chambers & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204

This the 25th day of January 2013.

s/ K. Dean Shatley, II