# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### CIVIL ACTION NO. 5:13-CV-001-DCK

| | |
|---|---|
| CHRISTINE DUKES, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NEWTON CONOVER CITY SCHOOLS, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend Complaint And Summons" (Document No. 7) and Defendant's "Motions To Dismiss" (Document No. 3). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this motion is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

Plaintiff Christine Dukes ("Plaintiff") filed a "Complaint" (Document No. 1-1) against Newton Conover City Schools in the Superior Court of Catawba County, North Carolina, on or about October 9, 2012. The "Newton-Conover City Board of Education (improperly identified in the Complaint as 'Newton-Conover City Schools')" filed its "Notice Of Removal To Federal Court" (Document No. 1) on January 3, 2013. Then on January 25, 2013, Defendant Newton-Conover City Board Of Education ("Defendant"), on behalf of Newton Conover City Schools, filed its "Motions To Dismiss" (Document No. 3). Defendant essentially contends that Plaintiff sued the wrong party and failed to effect proper service of a valid summons and complaint. (Document No. 3).

1

On February 11, 2013, Plaintiff filed a "…Response To Defendant's Motions To Dismiss" (Document No. 6) and a "…Motion To Amend Complaint And Summons" (Document No. 7). Plaintiff asserts that she should be allowed "to amend her Complaint and Summons to change the name of the Defendant." (Document No. 7). The undersigned agrees, and finds that judicial economy and efficient case management support an immediate ruling on the pending motions.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

A Pretrial Order And Case Management Plan has not been entered in this case, and it appears that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiff's motion to amend should be granted.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which supersedes the original Complaint, the undersigned will also deny Defendant's "Motions To Dismiss" (Document No. 3) as moot. This dismissal is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend Complaint And Summons" (Document No. 7) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **February 15, 2013**.[1]

**IT IS FURTHER ORDERED** that Defendant's "Motions To Dismiss" (Document No. 3) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Signed: February 12, 2013

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."